UNITED STATES *v.* EIMER & AMEND (No. 1225).[1]

SEGER CONES.

These articles are used as a rough test of the temperature of ovens, and take their name from the man who invented them. The proof does not sustain the importer's contention that the articles are dutiable under paragraph 92, tariff act of 1909. On the other point raised the board predicated its decision upon an earlier decision. The record of this former case was not before this court, and the record here supports beyond serious question the decision of the collector that the merchandise is properly dutiable as articles of earthy or mineral substances.

### United States Court of Customs Appeals, November 11, 1913.

APPEAL from Board of United States General Appraisers, Abstract 33190 (T. D. 33660).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Frank L. Lawrence,* special attorney, on the brief), for the United States.

*Jules Chopak, jr.,* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The evidentiary facts of this record are meager. The subject seems to have been an important one, but the record is not such that a satisfactory decision final in character can be made.

The merchandise is so-called " Seger cones." The articles are used as a rough test of the temperature of ovens and take their name from the man who invented them. The classification of these articles seems to have occupied the attention of customs officials and the board for a considerable period of time. They were assessed in this case as earthy or mineral substances under the provisions of paragraph 95 of the tariff act of 1909, which provides for—

Articles and wares composed wholly or in chief value of earthy or mineral substances, not specially provided for in this section, whether susceptible of decoration or not, * * *.

The appellee, who is the protestant below, makes two claims in his protest:

First, that the goods are properly dutiable under paragraph 480 as a nonenumerated manufactured article; and, second, that they are properly dutiable under paragraph 92 of. said act as "common yellow, brown, or gray earthenware * * *."

There are two protests and answers thereto set forth in the record. In the one the appraiser reported to the collector that the " merchandise consists of cone-shaped *chemical vessels* of earthy substance, not decorated * * *." In the .other the report was that " the merchandise consists of so-called Seger cones or pyramids, articles com-

---

[1] Reported in T. D. 33886 (25 Treas. Dec., 471).

posed of clay *or chemicals*, in the shape of cones and pyramids, which have not been baked or fired   *   *   *."

One of the importing firm being called to the witness stand testified:

Q. Of what material are they composed?—A. Made of clay.

Q. Do you know how they are manufactured?—A. Yes, sir.

Q. How?—A. The clay is taken—of course, there are different kinds of clay—and each individual is taken and pressed into form like those, and then taken out and sun dried or kiln dried.

By Mr. PAYNE. What are they used for?

A. Used for putting alongside of fire bricks in brickmakers' ovens. For instance, they put three kinds inside of it. One is a different kind of clay than the others and melts sooner.

Q. They are used to test the temperature of the oven?—A. Yes, sir. It is a rough test, not a scientific test.

Samples accompany the appeal in the form described in the appraiser's report. They constitute the only evidence in the case upon the color of the articles. As to color they are very uncertain. It can not be said that they are or any one of them is common yellow, brown, or gray. They seem to be shades of a variety of colors. There is nothing in the record, therefore, from which we are able to say that they are of common yellow or brown or gray earthenware, or that they are made from such. The importer testified that they were " made of clay," but did not define the color of the clay from which they were made—on the contrary, he stated they were made from different kinds of clay. From what we have said it seems apparent that the importer's contention that this merchandise is properly dutiable under paragraph 92 as common yellow, brown, or gray earthenware is not sustained by the proof adduced.

Is the article one composed wholly or in chief value of an earthy or mineral substance? The board held it not, and dutiable as a non-enumerated manufactured article.

The board predicated its decision upon an earlier decision thereof which seems, as stated by the board in this case, to have been arrived at after an exhaustive consideration of the subject by the board. The opinion was rendered in a case brought by this appellee. In so far as pertinent it reads:

SHARRETTS, *General Appraiser:* The merchandise covered by these protests is invoiced as " Seger kegel " or " Seger cones," and was assessed with duty at the rate of 25 per cent ad valorem under paragraph 94 of the tariff act of 1897. The importers claim it to be dutiable at 20 per cent ad valorem under section 6 of said act as unenumerated manufactured articles. These articles are composed of chemical salts intimately mixed with clay, the proportions of chemical salts and clay varying in different instances, so that each specie of cone will soften and bend at a predetermined temperature, thus indicating with precision a degree of heat impossible to measure by the use of a thermometer. The cones in question are not earthenware. They can be easily crushed into powder

under slight pressure, and it is doubtful if the value of the chemicals therein is not many times that of the clay. Seger kegel have been the subject of three decisions by this board wherein it has uniformly been held that they were not earthenware.

Evidently the board herein relied upon the evidence and record in the case quoted to overcome the testimony in this record that the articles are " made of clay." That record is not before us, though the board, under its rules, was empowered to so include it. Without it we think this record beyond serious question supports the decision of the collector that this merchandise is properly articles of earthy or mineral substance and dutiable as such.

*Reversed.*